A. Ground One:

Trial Counsel failed to provide effective assistance of counsel as required by the Sixth Amendment by coercing petitioner to dismiss his direct appeal shortly after it was filed

Supporting Facts:

After filing the direct appeal trial counsel coerced petitioner to dismiss his appeal stating, among other things, "his appeal lacked any merit", and "he would receive an unfavorable result in the 9th circuit". The conduct of counsel runs contrary to controlling case law dealing with the dismissal of appeals in the Ninth Circuit.

B. Ground Two:

Petitioner conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure of a vehicle. In violation of the 4th Amendment, Search and Seizure clause.

Supporting Facts:

The vehicle in questions was searched by the Anchorage Police Department acting under the authority of a Parole Supervisor pursuant to state law, without a warrant at the alleged crime scene. However, said Supervisor thereafter exited crime scene violating mandatory state regulations under state law. Therefore, but not limited to, said evidence should have been suppressed when the chain of custody had been broken and all the evidence should have been suppressed as it was tainted under the Fruit of the poisonous Tree Doctrine.

C. Ground Three:

Violation of Due Process Clause of Fourth Amendment under BRADY violation when Government failed to disclose ATF agent Hansen's relationship with petitioner's ex-wife, which [could] have affected and influenced/tainted her conclusive statements, testimony, and other actions, before and during the criminal proceeding.

Supporting Facts:

Based on information and belief, ATF agent Hansen and Stephnie Wise were seen interacting [intimately] together, on seperate occasions in the local community during the course of the criminal proceeding. Further, petitioner stated this information to his trial counsel, who advised "you cannot prove it", and never acted on it. Petitioner has witness who will testify to this information.
//
//

APPENDIX TO § 2255 -1