IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHRISTOPHER J. SULLIVAN,<br><br>　　　　Defendant. | Case No. 3:04-cr-00122-JKS<br><br>ORDER DIRECTING<br><u>SERVICE AND RESPONSE</u> |

　　　　On March 16, 2006, Christopher J. Sullivan, representing himself, filed a timely motion to set aside, vacate or correct sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel on appeal, as well as an unconstitutional search and seizure, and the violation of his Due Process rights through a failure to disclose critical information by the Government, during his criminal proceedings.[1]

---

[1] *See* Docket No. 51.

Under Rules 4, 5 and 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, **IT IS HEREBY ORDERED that:**

1. The Clerk of Court is directed serve a copy of the § 2255 motion, at docket number 51, and a copy of this Order, on the United States Attorney for the District of Alaska.

2. The Criminal Justice Act (CJA)[2] authorizes this Court to appoint an attorney for a *habeas* petitioner who cannot afford his own attorney. Mr. Sullivan must file any request for court-appointed counsel on or before **April 21 2006,** on the enclosed Application for Appointment of Counsel and Financial Affidavit. In the alternative, on or before **April 21, 2006**, Mr. Sullivan will file a notice of intent to proceed without counsel, and to represent himself.[3]

3. The Clerk of Court is directed to send this Court's form USDCA 40, Application for Appointment of Counsel, a form CJA 23, Financial Affidavit, and a Notice of Intent to Proceed Without Counsel, to Mr. Sullivan with a copy of this Order.

---

[2] *See* 18 U.S.C. § 3006, *et. seq*.

[3] *See* D. Ak. HCR 4.1(a).

4. The United States Attorney will file an answer or other responsive pleading on or before **May 22, 2006**, unless Mr. Sullivan is appointed a lawyer.[4] The answer will respond to the allegations of the motion, and in addition, state whether Mr. Sullivan has used any other available federal remedies, including any prior post-conviction motions under these rules, to address the issues presented.[5] The United States Attorney must also supplement the answer or response with appropriate copies of transcripts, affidavits and a memorandum of points and authorities material to the issues raised.

5. The Court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing within 30 days after the date the United States Attorney files an answer. The motion must contain a clear and concise statement of the necessity of the hearing, including why the evidence in the record is not sufficient.[6]

6. Mr. Sullivan must serve a copy of all further papers he sends or delivers to the Court upon the United States Attorney. Mr. Sullivan will include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to the United States Attorney.

---

[4] If counsel is appointed, the Court will give counsel an opportunity to file an amended petition, and may set a new timetable.

[5] *See* Rule 5, Rules Governing Section 2255 Proceedings.

[6] *See* D. Ak. HCR 8.1.

A certificate of service may be written in the following form at the end of his document:

I hereby certify that a copy of the above  (name of document)  was mailed, first class, U.S. Mail, to the United States Attorney, at 222 West 7th Ave., Mail Box 9, Room 253, Anchorage, Alaska 99513 on (date).

                                      (Mr. Sullivan's Signature)

Any papers received by a United States District Judge or Magistrate Judge which have not been filed with the Clerk of Court, or which fail to include a certificate of service, will be disregarded by the Court.

7. Mr. Sullivan must provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

8. At all times, Mr. Sullivan shall keep the Court informed of his current address, and if his address changes, he shall file a notice titled "NOTICE OF CHANGE OF ADDRESS," which shall contain **only** information about the change of address, and its effective date, not any requests for any other relief; failure to file the notice may result in the dismissal of this action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

9. This case is referred to Magistrate Judge Roberts to hear and decide all procedural or discovery motions and other pre-trial matters, and to give the Court his report and recommendation, under Local Magistrate Rule 4(5).

10. No party may have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a United States District Judge or Magistrate Judge of this Court about the merits of this action.

11. The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Sullivan with this Order.

DATED this 23rd day of March, 2006, at Anchorage, Alaska.

/s/JAMES K. SINGLETON, JR.
United States District Judge