NELSON  P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:04-cr-00122-JKS |
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE, VACATE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |
| CHRISTOPHER SULLIVAN, | |
| Defendants. | |

I.   Introduction

The United States, by and through counsel, hereby responds to the defendant's motion to set aside, vacate or correct sentence under 28 U.S.C. § 2255.

II.   Procedural History

On April 20, 2005, Sullivan was sentenced by the court to 60 months incarceration, 36 months supervised release, and a $100 special assessment. On

April 26, 2005, Sullivan provided notice to the court that he intended to appeal his sentence pursuant to 18 U.S.C. § 3742. On June 13, 2005, Sullivan filed a motion for voluntary dismissal of his appeal. Attached thereto, Sullivan also filed a written and signed consent to withdraw is appeal. Plaintiff's Exhibit 1.

On March 16, 2006, Sullivan filed the instant motion to vacate, set aside, or correct sentence. Filing for himself, Sullivan filled out the standard motion form from Sheridan Federal Correctional Institution. The form asks the petitioner to state the grounds on which he is being held in violation of the constitution. Defendant's Motion ¶ 12. Sullivan responded, "see attached appendix." On the next page, Sullivan states the following in its entirety:

> Trial counsel did not research relevant case law dealing with the filing and non-filing of direct appeals. Further, counsel of record had petitioner dismiss the appeal shortly after filing the direct appeal stating it was useless to file it.

Id. ¶ 13. The government has not received any further documentation stating with any additional clarity the grounds on which Sullivan has made his appeal.

Mr. John Pharr was appointed as counsel for Sullivan and requested leave to file an amended petition. On July 10, 2006, Mr. Pharr filed a notice of non-filing and requested that the court consider Sullivan's motion as it previously had been drafted by Sullivan.

III.    Argument

1.   Sullivan's Consent to Withdrawal of Appeal

Sullivan had an opportunity to appeal his sentence directly.  He then consented to the withdrawal of his appeal.  In his Consent to Withdrawal of Appeal, Sullivan states that he understood he had the right to appeal the judgment of the District Court, he wished to withdraw the appeal, and he did so freely and voluntarily.  He also understood he had the right to an attorney during his appeal.  When he withdrew his appeal, his judgment became final.

With the filing of his direct appeal, Sullivan had the opportunity, and the obligation, to challenge any Fourth Amendment violation and any alleged failure by the government to disclose information.  He voluntarily withdrew this appeal.  Thus, he cannot challenge such perceived constitutional violations in a section 2255 appeal collaterally attacking his sentence.

2.   Sullivan's Ineffective Assistance of Counsel Claim

Sullivan cannot collaterally attack an alleged violation of his Fourth Amendment rights or an alleged failure by the government to disclose information, unless the failure to file the appeal and raise such issues, in itself, represents the underpinnings of his ineffective assistance of counsel claim.  If this were the case, Sullivan must have been able to articulate in his present section 2255 motion why these challenges had merit and, consequently, why his consent to withdraw his

appeal was somehow invalid. Sullivan has not articulated why his consent should be rendered invalid.

Under the familiar test set forth in <u>Strickland v. Washington</u>, 466 U.S. 688, 687, 104 S.Ct. 2052, 2064 (1984), a defendant claiming ineffective assistance of counsel must establish that counsel's performance was deficient and that the deficiency prejudiced him. In order to meet the first prong of the test a defendant must identify the specific acts or omissions that allegedly resulted from a failure of reasonable professional judgment. <u>Id.</u> at 690. The defendant is required to point to specific errors and omissions in the record. <u>United States v. Johnson</u>, 820 F.2d 1065, 1073 (9th Cir. 1987). The Court states:

> The essence of an ineffective assistance of counsel claim is that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."...in establishing prejudice [the defendant] "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." Counsel's errors must be "so serious as to deprive defendant of a fair trial, a trial whose result is reliable."

<u>Williams v. Calderon</u>, 52 F.3d 1465, 1469 (9th Cir. 1995). Moreover, "where the ineffective assistance claim is based on counsel's failure to investigate or put on specific evidence, the defendant must make specific allegations about the content of the proposed testimony in order to show how the failure to present that evidence

proves prejudice." United States v. Dalton, 785 F.Supp. 126, 128 (D. Montana 1990).

The government has seen no such support of such an allegation of ineffective assistance of counsel, particularly why his consent to withdraw his appeal was invalid, and, therefore, Sullivan's motion should be denied.

IV.   Conclusion

Based on the foregoing, Sullivan has not articulated in his motion to set aside, vacate or correct sentence under 28 U.S.C. § 2255 any basis that would justify granting such a motion.  Sullivan's motion, therefore, should be denied.

RESPECTFULLY SUBMITTED this 25th day of August, 2006, in Anchorage, Alaska.

>NELSON   P. COHEN
>United States Attorney
>
>s/David Nesbett
>Special Assistant U.S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-6306
>Fax: (907) 271-1500
>E-mail: david.nesbett@usdoj.gov
>Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2006,
a copy of the foregoing was served by electronic mail on:

John C. Pharr

s/ David A. Nesbett