IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA,<br>               Plaintiff,<br>  vs.<br>CHRISTOPHER SULLIVAN,<br>               Defendant. | Case No. 3:04-cr-00122-JKS<br><br>O R D E R |
|---|---|

This matter is before the Court on Christopher Sullivan's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket No. 51. Sullivan claims that due process violations under the Fourth Amendment and ineffective assistance of counsel under the Sixth Amendment merit the relief he requests. Docket No. 51. The petition is opposed. Docket No. 73. Upon review, the Court dismisses Sullivan's § 2255 motion.

**I.     Factual and Procedural Background**

Sullivan is currently incarcerated at FCI Sheridan in Sheridan, Oregon. Sullivan plead guilty to being a felon in possession of a firearm with ammunition, a violation of 18 U.S.C. § 922(g)(1). On April 20, 2005, Sullivan was sentenced to 60 months incarceration, 36 months supervised release, and a $100 special assessment. Sullivan filed a notice of intent to appeal on April 26, 2005, pursuant to 18 U.S.C. § 3742. Docket No. 44. However, on June 13, 2005, Sullivan, through his attorney, filed a motion for voluntary dismissal of his appeal, to which his written and signed consent was attached. *See* Docket No. 47. The Ninth Circuit granted the motion. *Id.*

Months later, acting pro se, Sullivan filed the instant petition for relief under 28 U.S.C. § 2255. Docket No. 51 (March 16, 2006). He then moved for appointment of counsel. Docket No. 53. The motion was granted and John Pharr entered his appearance as counsel for Sullivan. Docket Nos. 54; 55. Petitioner thrice-moved for extensions of time to file an amended petition. Docket

Nos. 58; 63; 65.  Then, a notice of non-filing of amended 2255 was submitted.  Docket No. 70.  The government responded to the initial petition.  Docket No. 73.  No other documents have been filed; the Court considers this case ripe for ruling.  D. Ak. LR 7.1(i)(2).

In his §2255 motion, Sullivan raises three grounds for relief: (1) assistant federal defender provided ineffective assistance of counsel by withdrawing the direct appeal; (2) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure; and, (3) conviction obtained by unconstitutional failure of prosecution to disclose to the court evidence that may have been favorable to the defendant.  The Court will consider these grounds in reverse order.

**II.    Discussion**

A.  Failure to Disclose Evidence

Sullivan sets forth the following in the Appendix to his motion for relief under § 2255:

> Violation of Due Process Clause of Fourth Amendment under BRADY violation when Government failed to disclose ATF agent Hansen's relationship with petitioner's ex-wife, which [could] have affected and influenced/tainted her conclusive statements, testimony, and other actions, before and during the criminal proceeding.

Docket No. 51, Appendix.  Sullivan supports the above statement with the following facts:

> Based on information and belief, ATF agent Hansen and Stephnie Wise were seen interacting [intimately] together, on separate occasions in the local community during the course of the criminal proceeding.  Further, petitioner stated this information to his trial counsel, who advised "you cannot prove it", and never acted on it.  Petitioner has witnesses who will testify to this information.

*Id*.

On its face it appears Sullivan is alleging that the government unconstitutionally failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  Of course, allegations of this sort, if true, can justify post-conviction relief under § 2255.  *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).  The petitioner must demonstrate that, in the context of the entire record, the omitted evidence would have created a reasonable doubt in the mind of the fact finder that otherwise did not exist.  *Id., citing United States v. Agurs*, 427 U.S. 97, 112 (1976).  However, in the present case, Sullivan's conviction and sentence were based upon his guilty plea and not any evidence.  Because his plea of guilty dispensed with proof of the crime, the evidence objected to by Sullivan was not used against him.  Therefore, he is barred from raising this issue as

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2004\A04-0122.005.wpd

a collateral attack on the conviction and sentence, as provided for in § 2255. *Fenstermaker v. United States*, 392 F.2d 554, 555 (9th Cir. 1968).

Alternatively, Sullivan's argument inferentially seems to suggest that his plea was involuntary, *i.e.,* that he plead because his ex-wife was prepared to testify prejudicially against him. However, Sullivan never argues that her testimony was (or would have been) false, and if she was prepared to testify truthfully, it matters not what her motivation may have been. Nor does Sullivan make any requisite showing on the other inferential argument here: that but for his counsel's failures (*i.e.,* ineffective assistance), he would not have plead. This contention is address further in subsection C, below.

His next ground for relief, use of unlawfully obtained evidence, similarly fails.

### B. Unlawfully Obtained Evidence

Sullivan's second claim for relief under § 2255 rests on his belief that evidence used against him should have been suppressed. In support, he offers the following in the Appendix to his motion at Docket No. 51:

> The vehicle in questions was searched by the Anchorage Police Department acting under the authority of a Parole Supervisor pursuant to state law, without a warrant at the alleged crime scene. However, said Supervisor thereafter exited crime scene violating mandatory state regulations under state law. Therefore, but not limited to, said evidence should have been suppressed when the chain of custody had been broken and all the evidence should have been suppressed as it was tainted under the Fruit of the poisonous Tree Doctrine.

As stated above, Sullivan's guilty plea forecloses this attack because it was the plea, and not the evidence in question, upon which his conviction and sentence were based. *Fenstermaker,* 392 F.2d at 555. Further, Sullivan has not claimed that the existence of this evidence induced his guilty plea or rendered it involuntary. This claim cannot, therefore, be raised on a collateral proceeing such as a § 2255 petition.

### C. Ineffective Assistance of Counsel

Sullivan's final ground for relief is that he was coerced into dismissing his direct appeal, which he believes was a failure of his appointed trial counsel to effectively assist him. In support of this claim, he states:

> After filing the direct appeal trial counsel coerced petitioner to dismiss his appeal stating, among other things, "his appeal lacked any merit", and "he would receive an unfavorable

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2004\A04-0122.005.wpd

result in the 9th circuit". The conduct of counsel runs contrary to controlling case law dealing with the dismissal of appeals in the Ninth Circuit.

Docket No. 51, Appendix.

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Sullivan must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. With respect to the second prong, Sullivan must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Sullivan asserts that he was "coerced" into withdrawing his appeal. To prove ineffective assistance he has to show that but for counsel's failures, he would not have withdrawn his appeal. However, the text of the motion itself, and the attached consent signed by Sullivan, proves his allegation to be untrue. The motion stated that Sullivan "has confirmed, after further discussions with counsel, that he does not wish to continue with his appeal." Docket No. 47. The attached, signed consent states that the appeal is withdrawn "freely and voluntarily." *Id.* By his own showing, Sullivan's failure to appeal his conviction is binding on him, as it seems to have been a calculated decision made by his attorney and known to him. *Grimes v. United States*, 396 F.2d 331 (9th Cir. 1968). Accordingly, this contention is also without merit.

### III.   Conclusion

Based on the foregoing, Sullivan's motion to set aside, vacate, or correct sentence under 28 U.S.C. § 2255 at **Docket No. 51** is **DISMISSED.**

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this 3rd day of November 2006.

        /s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 4\2004\A04-0122.005.wpd